IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER WHITE, | : | Civil No. 1:22-CV-01173 |
| Plaintiff, | : | |
| v. | : | |
| TUCKER FREY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Christopher White ("Plaintiff") is a self-represented individual currently incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"). Plaintiff initiated this action in July 2022 against Defendants Correctional Officer Tucker Frey ("Frey"), Correctional Officer Kevin Thomas ("Thomas"), Correctional Officer Gehr ("Gehr"), Nurse Maelynn Murphy ("Murphy"), Nurse Rachel Fox ("Fox"), and Lycoming County alleging violations of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments and negligence. (Doc. 1.) Attached to the complaint is a copy of a May 28, 2022 incident report completed by Defendant Frey. (Doc. 1-1.) Defendants filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and a brief in support. (Docs. 20, 23.) For the following reasons, the court will grant Defendants' motion in part and deny the motion in part. The court will dismiss all

1

claims except the excessive force claim against Defendants Frey and Thomas and the First Amendment retaliation claim against Defendant Frey.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed a § 1983 complaint in July of 2022 with a motion to proceed in the action *in forma pauperis*. (Docs. 1, 2.) On August 29, 2022, the court entered an order granting Plaintiff's motion to proceed *in forma pauperis* and directing service of the complaint on the named Defendants. (Doc. 7.)

In the complaint, Plaintiff alleges that on May 28, 2022, while he was a pretrial detainee at Lycoming County Prison ("LCP"), he was serving "DLU time" in disciplinary lock up in cell #G-14 for unrelated issues. (Doc. 1, p. 6.)[1] At 4:20 p.m., he alleges that he showed Defendant Frey his dinner tray to inform him that a full serving of chicken nuggets was missing from his dinner tray before he started eating, so that Defendant Frey could order another tray or serving from the kitchen. (*Id.*) Plaintiff alleges that Defendant Frey looked at the tray and walked away. (*Id.*) He states that Defendant Frey then returned to collect the tray while Plaintiff was still eating because Plaintiff had waited for a new tray or a new serving of chicken nuggets. (*Id.*) Plaintiff alleges that he requested to speak to the second shift supervisor, Sergeant Stutzman, and Defendant Frey told him that he was not getting a new tray and not going to see Sergeant Stutzman. (*Id.*, pp. 6–7.)

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Defendant Frey told Plaintiff to give him the tray, and Plaintiff refused stating, "I was hungry, and that I will give him the tray after, I get a full serving for my meal, or see Sgt. Stutzman because, I knew he would make C.O. Frey order the tray from the Kitchen, per prison policy." (*Id.*, p. 7.) Plaintiff alleges that Defendant Frey stated, "if I gotta come in that cell to get the tray you're gonna be sorry," and walked off. (*Id.*)

Defendant Frey then returned with Defendant Thomas. (*Id.*) Defendant Frey then ordered Defendant Gehr in the subcontrol to open cell #G-14 and ordered Plaintiff's cellmate to step out without asking either Plaintiff or his cellmate to cuff up in violation of prison policy. (*Id.*) He alleges that Defendant Frey then stepped inside and said, "this is going to end up bad for you." (*Id.*) Plaintiff alleges that he asked Defendant Frey to get out, and Defendant Frey yelled, "officer down." (*Id.*) Plaintiff then alleges that Defendant Frey charged him into the desk with excessive force and then slammed him onto the desk, hit him in the head and started chocking him. (*Id.*) Plaintiff alleges that Defendant Thomas then entered his cell, and both Defendants Frey and Thomas "were all over me, I can't say for sure who was beating on me at that point." (*Id.*) Plaintiff states he "some how ended up out of the cell, onto the day room floor with both officers on top of me." (*Id.*) He alleges that Sergeant Stutzman, Correctional

Officer Vargo, Correctional Officer, Smith, and Nurse Murphy responded to G-block.  (*Id.*)

Plaintiff alleges that Defendant Frey's refusal to get him a full serving of food was retaliation for an April 18, 2022 grievance filed against him, stating: "L.C.P. has a policy to treat all inmates fairly, and C.O. Frey was using food, as a punishment for retaliatory, and personal reasons." (*Id.*, p. 8.)

Plaintiff also alleges that as a result of the May 28, 2022 incident, he sustained injuries to his knee, hand, and ribs.  He states, "I wrote numerous sick call slips and was denied medical attention from nurse Murphy and Fox." (*Id.*)  He alleges this was done to cover up the assault.  (*Id.*)  He states that on May 30, 2022, he was seen by Dr. McGlaughlin, and "the doctor could clearly see the bone in my left rib sticking outwards, and ordered x-rays." (*Id.*, pp. 8–9.)  Plaintiff states that the x-rays were negative.  (*Id.*, p. 9.)

Plaintiff seeks to bring a claim of deliberate indifference against Defendants Murphy and Fox, claims of excessive force, cruel and unusual punishment, and conspiracy against Defendants Frey, Gehr, and Thomas, and constitutional claims against Lycoming County for the promulgation of their prison policy, customs, and practices.  (*Id.*, p. 10.)  He seeks monetary, punitive, declaratory, compensatory, and "presumed" damages.  (*Id.*, p. 11.)

Defendants appeared in this action and filed a motion to dismiss for failure to state a claim on October 31, 2022.  (Doc. 20.)  They filed a brief in support on November 11, 2022.  (Doc. 23.)  Plaintiff filed a brief in opposition on November 29, 2022.  (Doc. 28.)

## JURISDICTION

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States and supplemental jurisdiction over the state law tort claims pursuant to 28 U.S.C. § 1367.

## VENUE

Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at LCP, located in Lycoming County, Pennsylvania, which is in this district. See 28 U.S.C. § 118(b).

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

  The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

### A. All Eighth Amendment Claims Will Be Dismissed With Prejudice.

As an initial matter, the Eighth Amendment does not apply until an inmate has been both convicted of and sentenced for his crimes. *See Graham v. Connor,* 490 U.S. 386, 392 n. 6 (1989); *Hubbard v. Taylor,* 399 F.3d 150, 164 (3d Cir. 2005). Thus, an inmate awaiting sentencing must look to either the Fifth Amendment's or the Fourteenth Amendment's Due Process Clause for protection. *See Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). Here, Plaintiff was a pretrial detainee at the time of the alleged conduct. (Doc. 1, p. 3.) Therefore, Plaintiff has failed to allege an Eighth Amendment claim for which relief can be granted. All claims under the Eighth Amendment will be dismissed with prejudice.

### B. All Claims Against Defendants Murphy and Fox Will Be Dismissed Without Prejudice.

Plaintiff's claims against Defendants Murphy and Fox fail to demonstrate any personal involvement on their part. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[An individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the

operation of [respondent] superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988)).

Here, Plaintiff's complaint contains no factual allegations demonstrating the personal involvement of either Defendant Murphy or Defendant Fox.  (Doc. 1.)  His only allegation is that he filed sick call slips, and "was denied medical attention from nurse Murphy, and Fox."  (*Id.*, p. 8.)  The complaint is devoid of any facts demonstrating that Defendants Murphy and Fox received these sick call slips.  Instead, Plaintiff has merely alleged his conclusion that these individual defendants refused to see him.  Plaintiff does allege that Defendant Murphy responded to G-block on the date of the incident, but he fails to allege that she took any action.  (*Id.*, p. 7.)  Therefore, Plaintiff's claims against Defendants Murphy and Fox will be dismissed without prejudice.

### C. The Claims of Excessive Force Against Defendants Frey and Thomas Will Not Be Dismissed.

As set forth above, an inmate awaiting sentencing must look to either the Fifth Amendment's or the Fourteenth Amendment's Due Process Clause for protection.  *See Bell,* 441 U.S. at 535 n. 16.  A pretrial detainee's claim based upon the alleged use of excessive force arises under the Due Process Clause of the Fourteenth Amendment.  *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)

(reiterating that "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment" (citation and internal quotation marks omitted)).  Because "pretrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically[,]'" *see Kingsley*, 576 U.S. at 400, "'a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.'"  *See Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 194 (3d Cir. 2021) (emphasis in original) (quoting *Kingsley*, 576 U.S. at 396–97).

In considering whether the use of force was objectively unreasonable, "'[a] court (judge or jury) cannot apply this standard mechanically.'"  *See id*. (quoting *Kingsley*, 576 U.S. at 397).  Instead, courts are to assess a variety of factors when determining whether an officer used "objectively unreasonable force[:]"

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*See id*. at 194–95 (quoting *Kingsley*, 576 U.S. at 397).  In addition, courts are to analyze the "circumstances from the perspective of a reasonable officer on the scene."  *See id*. at 195 (citation and internal quotation marks omitted); *Kingsley*, 576 U.S. at 399 (recognizing that "[r]unning a prison is an inordinately difficult undertaking, . . . and that safety and order at these institutions requires the

expertise of correctional officials, who must have substantial discretion to devise reasonable solutions to the problems they face" (citation and internal citation and quotation marks omitted)).

Defendants frame the excessive force argument by citing the facts contained in the incident report Plaintiff attached to the complaint. (Doc. 23, pp. 19–28.) Importantly, this document alleges that Plaintiff had initial physical contact in the form of a chest bump against Defendant Frey. (Doc. 1-1.) This is inconsistent with Plaintiff's allegations in the complaint that he did not initiate the physical confrontation and Defendant Frey attacked him. (Doc. 1, p. 10.) The court acknowledges that there may be an issue of material fact regarding who initiated physical contact. However, at this stage in the proceedings, the court is required to accept Plaintiff's allegations as true. *See Iqbal*, 556 U.S. at 678. Therefore, accepting Plaintiff's allegations as true, the court finds that Plaintiff has sufficiently pled an excessive force claim under the Fourteenth Amendment against Defendant Frey.

As for Defendant Thomas, Plaintiff has stated that he Defendant Thomas "came inside the cell, and both, officers were all over me, I can't say for sure who was beating on me at that point." (Doc. 1, p. 7.) The court construes "all over me" to be physical contact with Plaintiff. Under this liberal interpretation, Plaintiff has pled sufficient facts for an excessive force claim under the Fourteenth Amendment

to proceed. Therefore, Defendants' motion will be denied as to Fourteenth Amendment excessive force claims against Defendants Frey and Thomas.

### D. The Conspiracy Claim Will Be Dismissed Without Prejudice.

Plaintiff attempts to bring a conspiracy claim against Defendants Frey, Thomas, and Gehr. (Doc. 1, p. 10.)

There are three elements to a conspiracy claim under 42 U.S.C. § 1983:

> (1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States, with the added gloss under § 1983 that the conspirators act 'under the color of state law.

*Jutrowski v. Township of Riverdale*, 904 F.3d 280, 294 n. 15 (3d Cir. 2018) (internal citations omitted)).

After a plaintiff establishes that the object of the conspiracy was the deprivation of a federally protected right, he "must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184–85 (3d Cir. 2009) (citing *Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990)). In the absence of direct proof, a plaintiff may rely on circumstantial evidence from which a factfinder can infer a "meeting of the minds" or an "understanding or agreement to conspire." *Jutrowski*, 904 F.3d at 294 n. 17.

11

Here, Plaintiff has failed to allege any facts that demonstrate a meeting of the minds or an understanding or agreement to conspire. Therefore, the conspiracy claim will be dismissed without prejudice.

### E. All Claims Against Defendant Gehr Will Be Dismissed Without Prejudice.

As set forth above, a defendant in a civil rights action must have personal involvement in the alleged wrongdoing. *Evancho*, 423 F.3d at 353. Here, Plaintiff fails to make any factual allegations showing personal involvement on the part of Defendant Gehr. The only alleged fact is that Defendant Frey ordered Defendant Gehr to open Plaintiff's cell door remotely from control room. (Doc. 1, p. 7.) Plaintiff does not allege that Defendant Gehr opened the door or that Defendant Gehr was otherwise involved in the alleged assault against Plaintiff. (*Id.*) Therefore, all claims against Defendant Gehr will be dismissed without prejudice.

### F. All Claims Against Lycoming County Will Be Dismissed Without Prejudice.

As set forth above, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that misconduct was committed by a *person* acting under color of state law; and that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West*, 487 U.S. at 48 (*emphasis added*). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held

12

responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (citations and quotations omitted). The Supreme Court has held that, while municipal bodies may not be sued solely for violations perpetrated by its employees or agents, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978).

Here, Plaintiff has failed to allege that any policy or custom at Lycoming County was the cause of his injury. (Doc. 1.) Instead, all statements regarding policy or custom are those of the LCP, not the county itself: "L.C.P. has a policy to treat all inmates fairly," "L.C.P. does not have a S.E.R.T. team or a 'cell extraction team' known to the prison population, but through their own policy customs and practice will suit up for problematic inmates that resist," and "these are L.C.P.'s policy customs, and practices that violated my constitutional rights." (*Id.*, pp. 8–10.) Then Plaintiff raises claims against Lycoming County itself: "I also intend to sue Lycoming County as, municipal defendant for the promulgation of their prison policy customs, and practices that caused the constitutional harm in their individual, and official capacities." (*Id.*, p. 10.) Plaintiff's brief in opposition is

13

dedicated to asserting that Lycoming County has defaulted in the action because Plaintiff's initial documents identified the LCP as a defendant and not Lycoming County. (Doc. 28.) Plaintiff goes so far as to file a motion for default against Lycoming County for failing to appear in this action. (Doc. 26.) The court refused to grant the default recognizing the mistake in the initial documents filed by Defendants as scrivener's error. (Doc. 31.) Considering Plaintiff's insistence that LCP and Lycoming County are separate entities, the court finds that Plaintiff's complaint fails to address specific policies of Lycoming County sufficient to state a claim under *Monell*. Therefore, all claims against Lycoming County will be dismissed without prejudice.

### G. The First Amendment Retaliation Claim Brought Against Defendant Frey Will Not Be Dismissed.

Plaintiff lists the First Amendment with the litany of claims he seeks to bring against the Defendants. (Doc. 1, p. 11.) The First Amendment protects freedom of speech, the press, assembly, and the right to petition the Government for a redress of grievances. U.S. Const. Amend. 1. The only violation of any of the protections guaranteed in the First Amendment is Plaintiff's allegation of Defendant Frey's alleged act of retaliation of withholding food from Plaintiff for a previously filed grievance in April of 2022. (Doc. 1, p. 8.)

It is well-settled that prison officials may not retaliate against an inmate because he exercises his right of access to the courts. *Fantone*, 780 F.3d at 191. A

14

prisoner asserting a retaliation claim must allege the following elements: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). The filing of a lawsuit or a prison grievance constitutes protected activity under the First Amendment. *Fantone*, 780 F.3d at 191.

Plaintiff alleges that he filed a grievance against Defendant Frey on April 18, 2022, that Defendant Frey withheld a serving of food from his tray on May 28, 2022, and that Defendant's withholding of food was a form of punishment for filing the grievance. (Doc. 1, p. 8.) Therefore, Plaintiff has alleged the elements of a First Amendment retaliation claim and facts in support. As such, this First Amendment claim against Defendant Frey will not be dismissed. However, in light of no other First Amendment claims having been raised in the complaint, any potential claims that Plaintiff raises by the general assertion of First Amendment violations in the "Legal Claims" section of his complaint will be dismissed without prejudice.

### H. The Fourth Amendment Claims Will Be Dismissed Without Prejudice.

Plaintiff includes a Fourth Amendment violation in his list of "Legal Claims" in the complaint. (Doc. 1, p. 11.) The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. An inmate has some constitutional protection under the Fourth Amendment, but an inmate's rights are limited by the need to maintain prison security. *Bistrian*, 696 F.3d at 373; *see also Bell,* 441 U.S. at 558–60 (1979). Rather, the Fourth Amendment's application to prison settings has been narrowly constrained to issues regarding bodily integrity. *Parkell v. Danberg*, 833 F.3d 313, 325 (3d Cir. 2016) ("We conclude that a right to privacy in one's own body, unlike a right to maintain private spaces for possessions, is not fundamentally inconsistent with imprisonment and is so fundamental that society would recognize it as reasonable even in the prison context.").

Even liberally construed, Plaintiff's complaint fails to allege any conduct on the part of Defendants that could be considered a violation of the Fourth Amendment under this standard. Therefore, the Fourth Amended claim raised against Defendants will be dismissed without prejudice.

### I. The Sixth Amendment Claims Will Be Dismissed Without Prejudice.

Similarly, Plaintiff includes a Sixth Amendment violation in his list of "Legal Claims" in the complaint. (Doc. 1, p. 11.)

The Sixth Amendment guarantees the rights of criminal defendants, including the right to counsel, the right to a public, speedy trial, the right to an impartial jury, and the right to face one's accusers. U.S. Const. Amend. VI. Nothing in this complaint alleges that Defendants interfered with Plaintiff's defense of the criminal case brought against him. (Doc. 1.) Therefore, any Sixth Amendment claims will be dismissed without prejudice.

### J. The Claims Brought Under the Pennsylvania Constitution Will Be Dismissed With Prejudice.

Plaintiff mentions the state constitution in the "Legal Claims" section of his complaint. (Doc. 1, p. 11.) However, Plaintiff brings no specific claims under the Pennsylvania Constitution. (*Id.*) Furthermore, the Third Circuit has found that "[n]o Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution." *Pocono Mountain Charger School v. Pocono Mountain School Dist.*, 442 Fed. Appx. 681, 687 (3d Cir. 2011); *See Jones v. City of Phila.*, 890 A.2d 1188, 1208 (Pa.Commw.2006) ("[N]either Pennsylvania statutory authority nor appellate case law has authorized the award of money damages for violation of the Pennsylvania Constitution."). Therefore, all claims under the Pennsylvania Constitution will be dismissed with prejudice.

### K. Defendants' Request to Have Plaintiff's Claim For Punitive Damages Stricken Will Be Denied.

Plaintiff's prayer for relief includes a request for punitive damages. (Doc. 1, p. 11.) Defendants included a request that any claim for punitive damages be stricken. (Doc. 23, p. 41.) The Third Circuit has stated that a "jury may 'assess punitive damages in [a civil rights action] when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Alexander v. Riga*, 208 F.3d 419, 430–31 *citing Smith v. Wade*, 461 U.S. 30, 56 (1983). Defendants argue the Plaintiff has failed to plead any "evil motive or intent." (Doc. 23, p. 41.) However, the complaint does contain allegations that Defendants' "conduct was motivated by evil motive, and intent to violate my federally protected rights." (Doc. 1, p. 11.) Therefore, Defendant's request will be denied.

### CONCLUSION

As set forth above, Defendant's motion to dismiss will be granted in part and denied in part. Plaintiff's Eighth Amendment claims will be dismissed with prejudice. The deliberate indifference to a serious medical need claim against Defendants Murphy and Fox will be dismissed without prejudice. The excessive force claim against Defendants Frey and Thomas will not be dismissed. The excessive force claim against Defendant Gehr will be dismissed without prejudice. The conspiracy claim against Defendants Frey, Thomas, and Gehr will be

dismissed without prejudice.  The claims against Lycoming County will be dismissed without prejudice.  The First Amendment retaliation claim against Defendant Frey will not be dismissed.  A First Amendment claim against any remaining Defendants will be dismissed without prejudice.  The Fourth, Sixth, and Pennsylvania Constitutional claims will be dismissed without prejudice.  The court will deny Defendants' request that Plaintiff's prayer for punitive damages be stricken.

The court will grant Plaintiff leave to amend his complaint to cure the defects set forth above.  *See Est. of Lagano*, 769 F.3d at 861.  In doing so, Plaintiff must clearly label the document as his amended complaint and use the docket number assigned to this case.  Furthermore, he is cautioned that any amended pleading filed with the court replaces all prior pleadings filed with the court. Therefore, Plaintiff must replead all remaining claims against Defendants, including those that were not dismissed by the court. Should Plaintiff fail to timely file an amended complaint, the court will proceed solely on the excessive force claims against Defendants Frey and Thomas and the First Amendment retaliation claim against Defendant Frey.

An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  

Dated: July 25, 2023               Middle District of Pennsylvania