IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER WHITE, | : | Civil No. 1:22-CV-01173 |
| Plaintiff, | : | |
| v. | : | |
| TUCKER FREY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Plaintiff's motion to compel discovery. (Doc. 45.) For the following reasons, the court will deny the motion to compel but grant Plaintiff leave to renew his motion seeking a response to the interrogatory regarding the steps and procedures of cell extractions at Lycoming County Prison with additional briefing.

### PROCEDURAL HISTORY

Plaintiff filed a § 1983 complaint in July of 2022, with a motion to proceed in the action *in forma pauperis*. (Docs. 1, 2.) On August 29, 2022, the court entered an order granting Plaintiff's motion to proceed *in forma pauperis* and directing service of the complaint on the named Defendants. (Doc. 7.) Following a Federal Rule of Civil Procedure 12(b)(6) motion, the sole remaining claims include an excessive force claim against Defendants Frey and Thomas and a First

1

Amendment retaliation claim against Defendant Frey. (Doc. 33.) Defendants Frey and Thomas answered the complaint on September 12, 2023. (Doc. 36.)

The court entered a case management order requiring Defendants to provide Plaintiff with "all incident reports, grievances, disciplinary reports, or other similar documents in its possession concerning the alleged incident or incidents and all medical records in its possession regarding Plaintiff that relate to the claims in the complaint." (Doc. 37.) Counsel for Defendants served discovery documents on Plaintiff on October 26, 2023. (Doc. 38.)

On February 28, 2024, the court held a status conference with Plaintiff and counsel for the remaining Defendants. (Docs. 37, 43.) At the conference, Plaintiff expressed a concern that Defendants had not provided the required and requested discovery and the court encouraged Plaintiff to send a letter to counsel for Defendants detailing the undisclosed fact discovery. The court offered that if the parties could not solve the issue amongst themselves, Plaintiff could then file a motion to compel. (Doc. 46, p. 2; Doc. 47, p. 5.)[1] Following the conference, the court entered an amended case management order extending the fact discovery deadline to May 31, 2024. (Doc. 44.)

It appears that Plaintiff sent Defendants' counsel a letter regarding undisclosed discovery and was not content with Defendants' response. (Docs. 45,

---

[1] For ease of reference, the court utilizes the page number from the CM/ECF header.

45-1.)  Plaintiff filed the instant motion to compel and a brief in support on April 15, 2024.  (Doc. 45.)  Defendants filed a brief in opposition on April 29, 2024.  (Doc. 47.)  The court will now address the pending motion to compel.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within the scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(1); *see also Democratic Nat'l Committee v. Republican Nat'l Committee*, 2019 WL 117555, at *2 (3rd Cir. Jan. 7, 2019) ("The court may limit discovery to ensure its scope is proportional to the needs of a case.").  As such, "all relevant material is discoverable unless an applicable evidentiary privilege is asserted."  *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000).  A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court.  *In re Find Paper Antitrust Litg.*, 685 F.2d 810, 817–18 (3d Cir. 1982); *see* Fed. R. Civ. P. 26(b)(2)(C).

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought.

Fed. R. Civ. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense; the burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper.  *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Here, the majority of documents and interrogatories Plaintiff is seeking through this motion to compel have either been provided or answered by Defendants.  Plaintiff fails to address how the responses already provided to these questions are inadequate, and he fails to address the sole objection in his motion to compel.  (Doc. 46.)

Specifically, Plaintiff is seeking the May 28, 2022 inmate grievance filed by the entire G-Block, Grievance number 2022-114, 2022-118, 2022-119, and 2022-124.  When these were originally requested by Plaintiff, Defendants stated that documents concerning these four grievances were not in their possession.  (Doc. 47-2, pp. 2–4.)  Plaintiff does not address the answer provided by Defendants, but makes yet another request for these documents.  (Doc. 46.)

Plaintiff seeks medical reports from Dr. McGlaughlin through the present.  (Doc. 46, p. 5.)  In prior interrogatories, Plaintiff requested Dr. McGlaughin's medical reports "related to plaintiff's claim" which Defendants stated were already

4

produced. (Doc. 47-2, p. 3.) Plaintiff fails to state how the production was inadequate. Instead, he simply makes the request again.

Plaintiff is seeking video footage of G-14 cell on May 28, 2022, specifically "of tray passing leading up to the excessive use of force on Plaintiff, by defendants, to present as evidence during jury trial." (Doc. 46, p. 5.) In his interrogatories, Plaintiff requested "[v]ideo footage of excessive use of force by defendants," to which Defendants answered "[n]one in the possession of the answering defendants." (Doc. 47-2, p. 4.) Plaintiff fails to state how this response is inadequate.

Next, Plaintiff is seeking all request slips to medical to see the prison psychologist for mental health treatment. (Doc. 46, p. 5.) When Defendants responded to a request for these in an interrogatories, they stated "[n]one in the possession of the defendants, other than request slips to Plaintiff's Prison medical file, if any." (Doc. 47-2, p. 4.) Again, Plaintiff fails to state how this response is inadequate.

Plaintiff is also seeking Lycoming County Prison policies. (Doc. 46, p. 6.) When Defendants were asked to provide such policies, they stated that such policies were unknown to them. (Doc. 47-1, pp. 3–4, 8.) When asked a second time for these policies, Defendants stated that these policies were not in their possession. (Doc. 47-2, p. 5–7.)

5

Plaintiff also asks for detailed steps and procedures for cell extractions. (Doc. 46, p. 6.) Defendants objected to this request in the written interrogatories based on security concerns and because they were not conducting a cell extraction on May 28, 2022. (Doc. 47-1, p. 2.) Plaintiff did not address the objection in his motion to compel, but argued the following relevance: "the purpose for this information is for the jury to determine if the defendants were reasonable officer on the scene on May 28, 2022 when entered Plaintiff's cell and assaulted him." (Doc. 46.) In their response, Defendants did not elaborate on their objection. (Doc. 47.)

Next, Plaintiff asks whether Correctional Officers are permitted to withhold portions of food missing from meal trays when they are made aware through their own observation. (Doc. 46, p. 6.) In previous interrogatories, Defendants answered this question. (Doc. 47-1, p. 7.)

Plaintiff also seeks the response to an interrogatory regarding Dr. McGlaughlin's statements, notes, records or reports pertaining to Plaintiff's injuries. (Doc. 46, p. 6.) Defendants answered this in the first set of interrogatories by stating it was "[u]nknown to the answering defendants." (Doc. 47-1, p. 8.)

Plaintiff seeks an answer to the interrogatory requiring the number of times Lycoming County Prison Correctional Officers or its agents have been sued for

6

their use of excessive force. (Doc. 46, p. 7.) Defendants addressed this interrogatory in their first response to interrogatories stating that this information was unknown to them. (Doc. 47-1, p. 9.)

Throughout the motion to compel, Plaintiff is requesting the court to compel Defendants to provide information that Defendants already indicated they do not possess. This court has repeatedly held that it cannot compel the production of evidence that is not in a party's possession. *Jordan v. Southwestern Energy Co.*, No. 3:20-CV-414, 2022 WL 16964003, at *4 (M.D. Pa. Nov. 16, 2022); *Ballard v. Navient Corporation*, No. 3:18-CV-121, 2023 WL 3431247, at *9 (M.D. Pa. May 2, 2023). Likewise, the court cannot compel a different answer simply because Plaintiff is not satisfied with the response that the information is unknown. Therefore, in instances where Defendants have already stated that they do not have possession of the evidence or the information is unknown to them, the court will deny Plaintiff's motion to compel.

Turning to the sole discovery request to which Defendants objected, the request for the steps and procedures of a cell extraction, the court finds that the parties failed address the objection sufficiently for the court to make a determination. The court acknowledges that cell extraction procedures have been provided in other prisoner civil rights cases in this circuit. *See Cochran v. Kupchella*, No. 14-199J, 2015 WL 8601573, at *5 (W.D. Pa. Dec. 14, 2015). The

7

court also recognizes that Defendants allege that the information is not relevant since a cell extraction was not performed on May 28, 2022. But, without the definition of a "cell extraction," the court cannot make the necessary determination. Plaintiff's complaint includes allegations that his cell mate was instructed to leave the cell on May 28, 2022 prior to the alleged use of excessive force. (Doc. 1., p. 7.) He also states "I some how ended up out of the cell, onto the dayroom floor with both officers on top of me." (*Id*., p. 8.) Based on these allegations, the court cannot make a determination that such evidence is not relevant at this time. However, out of an abundance of caution concerning Defendants' objection regarding security, the court will deny Plaintiff's motion to compel regarding this interrogatory, but grant Plaintiff leave to renew his request for Defendants to answer this interrogatory by addressing the relevance and objection raised by Defendants in more detail.

    Lastly, Plaintiff makes the general accusation that Defendants have fabricated documents in his medical file and requests that these fabricated documents be stricken from the record. These documents are not available for the court's review. Therefore, it cannot address the accusations of fabrication.

## CONCLUSION

Plaintiff's motion to compel discovery will be denied. An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 14, 2024